L. Paul Mankin (SBN 264038)
The Law Office of L. Paul Mankin
4655 Cass St., Ste. 112
San Diego, Ca 92109
Phone: (800)-219-3577
Facsimile: (323) 207-3885
pmankin@Paulmankin.com
Attorney for Plaintiff
MAX SANCHEZ

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX SANCHEZ, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> CITIBANK, N.A., and DOES 1 through 10 inclusive, <br><br> Defendant. | Case No.: <br><br> **COMPLAINT** <br> Amount not to exceed $25,000.00 <br><br> 1. Violation of the Rosenthal Fair Debt Collection Practices Act; <br> 2. Violation of the Telephone Consumer Protection Act. |

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code §1788, *et seq.* (hereinafter "RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* (hereinafter "TCPA").

COMPLAINT - 1

## PARTIES

2. Plaintiff MAX SANCHEZ ("Plaintiff"), a natural person who at all times herein mentioned was a resident of the City of Fresno, County of Fresno, and State of California and is a "debtor" as defined by Cal. Civ. Code §1788.2(h). Plaintiff at all relevant times with respect to this complaint was a resident of Fresno County, California.

3. At all relevant times herein, Defendant, CITIBANK, N.A. (hereinafter "Defendant") was a company engaged, by use of mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt" as defined by Cal. Civ. Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code §1788.2(c).

4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as Does 1 through 10, inclusive, and therefore names said Defendants under provisions of *Section 474 of the California Code of Civil Procedure*.

5. Plaintiff is informed and believes, and on that basis alleges that Defendants Does 1 through 10 are in some manner responsible for acts, occurrences and transactions set forth herein and are legally liable to Plaintiff.

## FACTUAL ALLEGATIONS

6. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding credit card debt.

7. This alleged financial obligation was the result of a "consumer credit transaction", as defined by Cal. Civ. Code §1788.2(e), and is therefore a "consumer debt", as defined by Cal. Civ. Code §1788.2(f).

8. Defendant has regularly placed calls to Plaintiff in its attempt to collect the alleged debt via Plaintiff's cellular phone.

9. Within one year prior to the filing of this action, specifically on or around January of 2016, Defendant caused Plaintiff's telephone to ring repeatedly and continuously to annoy Plaintiff. Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and to constitute harassment. The frequency and pattern of Defendant's telephone calls to Plaintiff evidences Defendant's intent to harass Plaintiff.

10. At all times relevant to this action, while conducting business in California, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

11. At all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

12. Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone number multiple times using an artificial prerecorded voice or using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

13. Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone, to the extent it ever existed, using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

14. Even assuming arguendo that Defendant did have consent to call Plaintiff on Plaintiff's cellular telephone using an ATDS, that consent was subsequently revoked by Plaintiff.

15. Specifically, Plaintiff requested that Defendant stop calling him on October 6, 2015.

16. At no time have Plaintiff and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

17. Defendant is not a tax exempt nonprofit organization.

18. Defendant's violation of the TCPA was willful. Defendant's violation of the TCPA was willful because Plaintiff requested that Defendant cease calling Plaintiff.

## FIRST CAUSE OF ACTION
(Violation of the RFDCPA, CAL. CIV. CODE § 1788)

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

    a) Communicating, by telephone or in person, with plaintiff with such frequency as to be unreasonable and to constitute a harassment to Plaintiff under the circumstances (Cal. Civ. Code §1788.11(c));

    b) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal. Civ. Code §1788.11(d));

    c) Committed any conduct the natural consequence of which is to harass, oppress, or abuse any person (Cal. Civ. Code § 1692d);

d) Caused the telephone to ring or engaged any person in telephone conversations repeatedly (Cal. Civ. Code § 1692d(5)).

21. As a result of the above violations of the RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## SECOND CAUSE OF ACTION

### (Violations of the TCPA, 47 U.S.C. § 227)

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

COMPLAINT - 5

24. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

25. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

a) An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A);

b) Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

c) As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

e) Statutory damages pursuant to Cal. Civ. Code § 1788.30(b);

f) Costs and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.30(c);

g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under

the law; and

h) For such other relief as the Court may deem just and proper.

**<u>PLAINTIFF HEREBY REQUESTS A JURY TRIAL</u>**

Date: December 7, 2016

                                                Paul Mankin, Esq.
                                                Attorney for Plaintiff