L. Paul Mankin (SBN 264038)
The Law Office of L. Paul Mankin
4655 Cass Street, Suite 112
San Diego, CA 92109
Phone: 800-219-3577
Fax: 323-207-3885
pmankin@paulmankin.com

Attorney for Plaintiff Max Sanchez

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAX SANCHEZ, an individual,<br>Plaintiff,<br>vs.<br>CITIBANK, N.A., AND DOES 1 TROUGH 10,<br>Defendant. | Case No.: 1:16-CV-01870-DAD-BAM<br>[The Hon. Barbara A. McAuliffe]<br>**PLAINTIFF'S SCHEDULING REPORT**<br>Trial Date: None set<br>Hearing Date: March 21, 2017<br>Hearing Time: 8:30 am |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1, and the Court's Order dated December 15, 2016, Plaintiff Max Sanchez ("Plaintiff") hereby submits the following Joint Rule 26(f) Report. While Plaintiff has been in contact with Defendant Citibank, N.A., Defendant has not yet made an appearance in this case.

## I. SHORT STATEMENT OF FACTUAL AND LEGAL CONTENTIONS

### A. Plaintiff's Summary of Claims

This action arises out of Defendant's frequent communication with Plaintiff via Plaintiff's cellular telephone in regards to an alleged outstanding consumer debt. Defendant communicated with such frequency as to be unreasonable under the circumstances and to constitute harassment.

Additionally, the frequency and pattern of Defendant's telephone calls suggest that Defendant utilized an automatic telephone dialing system to contact Plaintiff. Defendant never received Plaintiff's consent to call Plaintiff on Plaintiff's cellular telephone using an automatic telephone dialing system. Assuming that this consent did ever exist, it was subsequently revoked by Plaintiff.

## II. AMENDMENT OF PLEADINGS

Plaintiff does not anticipate any parties, claims, or defenses to be added or dismissed for the pending matter.

## III. SUMMARY OF CONTESTED AND UNCONTESTED FACTS

Defendant has been causing Plaintiff's telephone to ring continuously and repeatedly in an attempt to collect an alleged debt owed by Plaintiff. Plaintiff contends that he does not owe Defendant a debt, and that he has asked Defendant to cease calling him. Despite his demands to stop calling, Defendant has continued to contact Plaintiff via his telephone.

## IV. BRIEF DESCRIPTION OF KEY LEGAL ISSUES

### A. <u>Party's Description of Key Legal Issues</u>

Plaintiff contends that the following are key legal issues in this action:

Under the Federal Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practices Act:

1. Whether a consumer debt existed between Plaintiff and Defendant pursuant to 15 U.S.C. § 1692a(5);

2. Whether Defendant caused Plaintiff's telephone to ring repeatedly or continuously to annoy the person called, Cal Civ. Code § 1788.11(d);

3. Whether Defendant engaged in conduct, the natural consequence of which, is to harass, oppress, or abuse any person in connection with the collection of the alleged debt, 15 U.S.C. § 1692d;

4. Whether Defendant attempted to collect an amount not legally owed, 15 U.S.C. § 1692e(2);

5. Whether Plaintiff suffered a concrete and particularized injury as to confer Article III standing.

Under the Telephone Consumer Protection Act:

1. Whether Plaintiff consented to be contacted using an automatic telephone dialing system 47 U.S.C. § 227(a)(1);

2. Whether Defendant utilized an automatic telephone dialing system, 47 U.S.C. § 227(a)(1);

3. Whether Defendant was negligent in its use of an automatic telephone dialing system, allowing an award of five hundred dollars ($500.00) in statutory damages for each violation. 47 U.S.C. § 227(b)(3)(B).

4. Whether Defendant willfully or knowingly used an automatic telephone dialing system, allowing an award of fifteen hundred ($1500.00) dollars in statutory damages for each violation, 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**B. Subjection Matter Jurisdiction**

This action is brought pursuant to the Federal Debt Collection Practices Act - 15 U.S.C. § 1692, et seq. and supplemental jurisdiction exists for the State Law claims pursuant to 28 U.S.C. § 1367. Plaintiff is unaware of any existing issues regarding personal jurisdiction or venue. Additionally, no further parties remain to be served.

## V. STATUS OF ALL MATTERS PRESENTLY BEFORE COURT

Plaintiff is unaware of any other matters that are presently before the Court.

## VI. DISCOVERY PLAN

**A. Changes in Timing, Form or Requirement for Disclosures**

Plaintiff proposes an initial cut-off date of two weeks following the Scheduling Conference, with extra disclosures cut-off date of April 4, 2017.

**B. Changes in Limitations Imposed on Discovery by Federal Rules of Civil Procedure or Local Rules**

Plaintiff proposes that discovery should proceed as outlined in the Federal Rules of Civil Procedure.

**C. Discovery**

Discovery is appropriate concerning, *inter alia*, (1) Defendant's call records; (2) Defendant's records of Plaintiff's alleged account; (3) Any documents related to Plaintiff's alleged account with Defendant; (6) recordings indicating whether Plaintiff revoked consent to be contacted. Plaintiff reserves the right to seek other information that is discoverable as discovery progresses in this case.

**D. Phased or Limited Discovery**

Plaintiff does not believe phased discovery is necessary or appropriate in this matter.

**F. Discovery Cut-Off Dates**

At this time, the Parties have not yet engaged in formal discovery, but intend to forthwith.

Plaintiff proposes the following discovery schedule:

| | |
|---|---|
| Initial Disclosures Due: | April 4, 2017 |
| Fact Discovery Cut-Off: | July 11, 2017 |
| Expert Discovery Cut-Off: | August 15, 2017 |

**E. Expert Discovery and Designation**

Plaintiff believes that expert discovery should be conducted upon the close of merits discovery. Plaintiff proposes August 15, 2017 as the cut-off date for expert witness designation; additionally, Plaintiff proposes August 21, 2017 as the cut-off date for the rebuttals of expert designations. Plaintiff proposes August 15, 2017 as the cut-off date for expert discovery.

**VII. OTHER ORDERS AND SCHEDULING**

At this time, no other orders should be entered by the Court under Rule 26(c) of the Federal Rules of Civil Procedure, except as is necessary to protect discovery materials that the parties believe, in good faith, contains information or documents that are subject to privilege or other protections under applicable laws. In addition, no orders under Rule 16 (b) and (c) of the Federal Rules of Civil Procedure are necessary at this time.

**A. Motion Cut-off Date**

Plaintiff proposes for pre-trial motions to be filed no later than September 11, 2017.

**B. Pre-Trial Conference Date**

Plaintiff proposes that the final pre-trial conference be scheduled for November 13, 2017.

**C. Trial Date**

Plaintiff proposes the trial date be scheduled for November 20, 2017, or any time thereafter, subject to the convenience of this Court.

**VIII. SETTLEMENT AND ADR**

The Parties have informally begun settlement discussions. The parties are optimistic that this case may be resolved by way of settlement. Plaintiff agrees to appear before a neutral selected from the Court's Mediation Panel for settlement proceedings pursuant to Local Rule 16-15.4.

**IX. NON-JURY CASE**

Plaintiff believe this is a non-jury type of case.

**X. BIFURCATION**

Plaintiff does not anticipate requesting bifurcation of trial, or have any other suggestions for shortening trial.

**XI. RELATED CASES AND DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiff is unaware of any related case or non-party interested entities or persons.

Dated: March 7, 2017

Respectfully submitted,
The Law Office of L. Paul Mankin

By: /s/ L. Paul Mankin
L. Paul Mankin
Attorney for Plaintiff Max Sanchez